UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL DARNELL TURNER | * | CIVIL ACTION |
| VERSUS | * | NO: 17-4210 |
| BP EXPLORATION & PRODUCTION INC, ET AL. | * | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment for Lack of Specific Causation Evidence* **(Rec. Doc. 50)** filed by Defendants, BP Exploration & Production Inc. and BP America Production Company, BP p.l.c. (collectively "BP")[1]; an opposition (Rec. Doc. 55) filed by Plaintiff, Michael Darnell Turner; and a reply (Rec. Doc. 57) filed by BP. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds the motion should be granted in part.

## FACTS AND PROCEDURAL BACKGROUND

The instant action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)." *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021). During the course of the MDL proceedings, this Court approved the Deepwater

---

[1] Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. join in these motions for summary judgment.

Horizon Medical Benefits Class Action Settlement Agreement. *Id.* at *2. The B3 plaintiffs either opted out of the class action settlement agreement or were excluded from its class definition. *Id.* at *10 n.3. In any event, "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."

Plaintiff was employed in the DWH oil spill response as a shoreline cleanup worker on the beaches of Gulf Shores, Alabama; Theodore Alabama; and Dauphin Island, Alabama for approximately a year. He allegedly performed beach cleanup work, picking up oil and tar balls, as well as some decontamination work. This work, Plaintiff alleges, exposed him to crude oil and chemical dispersants which caused Plaintiff to develop hypertension, acute renal insufficiency, chronic kidney disease stage III, hematuria, nephrotic range proteinuria, chest pain, frontoparietal cerebrovascular accident, stroke, headaches, blindness, obstructive sleep apnea, shortness of breath, wheezing, depression, abdominal pain, diarrhea, nausea, vomiting, dizziness, decreased sense of smell, facial pain or sinus pain, nasal congestion/discharge, throat irritation, skin blistering, boils, skin dryness/flaking, inflammation, redness or swelling, itching, peeling, and scaling. Plaintiff filed the instant action, and, subsequently, BP filed this motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The Fifth Circuit uses "a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible

general-causation evidence, the district court must determine whether there is admissible specific-causation evidence." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007).[2]

BP argues that because Plaintiff has not submitted any expert proof on the required element of specific causation, his claims must be dismissed. (Rec. Doc. 50-1, at 2). The expert report from Dr. Cook is non-specific, and hence, does not address the nature of Plaintiff's work on the spill response or the nature, duration, or type of exposure that Plaintiff allegedly had to any particular toxin. (*Id.*). In reply, Plaintiff does not contest that Dr. Cook's report fails to address specific causation. (Rec. Doc. 55, at 1). Instead, Plaintiff contends that the general causation expert report in conjunction with specific evidence of Plaintiff's exposure is sufficient to permit the jury to conclude that exposure to the toxicants in the oil and dispersants more likely than not caused Plaintiff's alleged medical conditions. (*Id.* at 1–2). Specifically, Plaintiff asserts, "when the medical conditions are either 'within the common knowledge of the jury' or 'contemporaneous and transient' general causation expert testimony along with specific evidence of exposure is all that is required." (*Id.* at 2). Thus, the question before the Court is whether, in the context of this particular case, specific causation requires an expert report and testimony.

In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."

---

[2] Because BP, for purposes of this motion, does not contest Plaintiff's general causation report from Jerald Cook, M.D., (Rec. Doc. 28-2, at 3), the Court will only evaluate specific causation.

*Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002) (finding "that the causes of impotency, migraine headaches and PTSD are not matters within the common knowledge of a layperson."). Earlier this year, the Eleventh Circuit found, in a DWH exposure case, that the "plaintiff must establish both general and specific causation through admissible, reliable expert testimony." *In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *2 (11th Cir. Jan. 11, 2022) (citation omitted). Moreover, the Fifth Circuit affirmed dismissal of a DWH exposure case, in part, because the plaintiff's expert was "unable to answer questions regarding how much time [the plaintiff] spent scooping up oil, how, where, or in what quantity [the dispersant] was used, how exposure levels would change once substances were diluted in seawater, or how [the plaintiff's] protective equipment would affect exposure." *McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433 (5th Cir. 2020).

However, when the relationship between the chemical "and the complained-of injuries is 'within the layperson's common knowledge,' the general causation evidence . . . is sufficient to meet [the plaintiff's] burden of proof with regard to summary judgment." *Guidry v. Dow Chemical Co.*, No. 19-12233, 2021 WL 4460505, at *2 (E.D. La. Sept. 29, 2021). Louisiana state courts have found that common issues such as "dehydration, overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression" are within common knowledge. *Ainsworth v. Am. Home Assur. Co.*, 239 So. 3d 359, 365–66 (La. Ct. App. 4 Cir. 2018). Generally, "medical expert testimony is not required to establish causation for temporary pain and suffering" because the nature of these injuries fall within the layperson's common knowledge. *See, e.g., id.*

5

at 366 (finding that dehydration, overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression are forms of temporary pain and suffering within the common knowledge of lay people); *see also Guidry*, 2021 WL 4460505, at *2 (finding that irritant symptoms after being exposed to a chemical are transient symptoms within the common knowledge of lay people).

BP argues that Plaintiff's reliance on Louisiana law's more relaxed rule of evidence is not proper here, in a case controlled by maritime law. (Rec. Doc. 40, at 5). Admittedly, in toxic tort cases, expert testimony is usually required; as one court observed, it has "never held that a [maritime] plaintiff can survive summary judgment in a toxic tort case without admissible expert testimony on the issue of causation." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 206 (5th Cir. 2019) (citing *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (Sotomayor, J.)). However, in *Gowdy v. Marine Spill Response Corporation*, the Fifth Circuit found that "expert testimony is not required in cases where the nature of the injury can be understood by lay factfinders based on ordinary knowledge and experience." *Id.* at 207. In *Gowdy,* the court was faced with a question similar to the one before this Court: "when [is] expert medical testimony [ ] needed to survive summary judgment in a Jones Act negligence case[?]" *Id.* at 206 The plaintiff alleged that, while he was employed as a seaman, he "injured his left foot when he stepped off the last rung of a ladder that was dangerously raised four feet off the floor." *Id.* at 202. In finding that the plaintiff did not require expert testimony regarding his injury, the court reasoned that "the danger implicated by stepping down from a four-foot-tall ladder rung falls

within ordinary understanding." *Id.* at 207. Accordingly, the so called "relaxed rule" of evidence may apply to maritime cases when the nature of the alleged injury is within the common knowledge of lay persons. *Id.*

Next, this Court will turn to an analysis of what injuries are, in fact, within the common knowledge of lay people. In *Guidry v. Dow Chemical Co.*, the plaintiff was exposed to a quantity of a chemical known as ethyl acrylate, and he complained of irritant symptoms such as eyes, nose, or throat irritation, coughing, choking or gagging, or nausea, or headaches, dizziness, trouble breathing, or other respiratory issues. 2021 WL 4460505, at *1–2. In that case, the plaintiff produced expert testimony on general causation, but argued that an expert on specific causation was not necessary because irritant symptoms are all temporary pain and suffering injuries within the common knowledge held by jurors. *Id.* at *2. The court held that "[e]xpert testimony on general causation combined with specific evidence of the nature of the [plaintiff's] exposure is sufficient to permit the jury to conclude that the [ethyl acrylate] release was more likely than not the cause of the . . . transient symptoms." *Id.* at *3 (alterations in original). In contrast, in *Ciblic v. BP Exploration & Production*, the court found that the causal link between the plaintiff's exposure and his medical conditions was not within the layperson's common knowledge. No. CV 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017). In *Ciblic*, the plaintiff was exposed to oil and dispersants from the DWH oil spill, and he claimed this exposure caused him to get lung cancer. *Id.* The court held that "[i]n a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish

general causation as well as specific causation." *Id.* Additionally, another section of this Court, in *Troxler v. BP Exploration & Production, Inc.*, found that "the causal connection between exposure to oil and dispersants and [chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss] is not within the common knowledge of a lay person." No. 17-4207, 2022 WL 1081193, at * (E.D. La. April 11, 2022).

Here, Plaintiff alleges that the oil and dispersant caused him to develop hypertension, acute renal insufficiency, chronic kidney disease stage III, hematuria, nephrotic range proteinuria, chest pain, frontoparietal cerebrovascular accident, stroke, headaches, blindness, obstructive sleep apnea, shortness of breath, wheezing, depression, abdominal pain, diarrhea, nausea, vomiting, dizziness, decreased sense of smell, facial pain or sinus pain, nasal congestion/discharge, throat irritation, skin blistering, boils, skin dryness/flaking, inflammation, redness or swelling, itching, peeling, and scaling. (Rec. Doc. 55-1, at 1). Plaintiff contends that his medical conditions are comparable to those in *Guidry*. (Rec. Doc. 55, at 5). The plaintiff in *Guidry* claimed that he had irritant symptoms such as eyes, nose, or throat irritation, coughing, choking or gagging, or nausea, or headaches, dizziness, trouble breathing, or other respiratory issues after being exposed to a chemical whereas Plaintiff here alleges that he is suffering from multiple, complex diseases. These alleged diseases are more akin to the lung cancer in *Ciblic* and the chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss in *Troxler*. Thus, without an expert opinion on specific causation, Plaintiff cannot meet his burden of

proof on his claims of hypertension, acute renal insufficiency, chronic kidney disease stage III, hematuria, nephrotic range proteinuria, chest pain, frontoparietal cerebrovascular accident, stroke, blindness, obstructive sleep apnea, abdominal pain, decreased sense of smell, and facial pain or sinus pain. These are neither medical conditions within the common knowledge of a lay person nor conditions classified as "transient" or "temporary."

The remaining medical conditions are headaches, shortness of breath, wheezing, depression, skin blistering, boils, skin dryness/flaking, inflammation, redness or swelling, itching, peeling, and scaling, diarrhea, nausea, vomiting, dizziness, nasal congestion/discharge, and throat irritation. The Court finds that these types of transient or temporary medical conditions are likely within the common knowledge of lay people, much like the irritant symptoms in *Guidry* and the dehydration, overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression that Louisiana courts have found within the common knowledge of lay people. Therefore, Plaintiff does not require an expert on specific causation for these particular medical conditions.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that BP Exploration & Production Inc. and BP America Production Company, BP p.l.c.'s *Motion for Summary Judgment* **(Rec. Doc. 50)** is **GRANTED in part**. Plaintiff's claims are **DISMISSED with prejudice** except for the claims for headaches, shortness of breath, wheezing, depression, skin

9

blistering, boils, skin dryness/flaking, inflammation, redness or swelling, itching, peeling, and scaling, diarrhea, nausea, vomiting, dizziness, nasal congestion/discharge, and throat irritation.

New Orleans, Louisiana, this 24th day of May, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE